IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SALVADOR ROJAS CUIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:04CV00627 |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| WALTER CLARK, CLARK ) | |
| JANITORIAL SERVICES, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| C.C. MANGUM COMPANY, LLC, ) | |
| ) | |
| Movant. ) | |

**MEMORANDUM OPINION AND ORDER**

**SHARP, Magistrate Judge**

This matter comes before the Court on the motion of Plaintiff Salvador Rojas Cuin to "Waive or Reduce Workers' Compensation Lien." (Pleading No. 35.) C.C. Mangum Company, LLC ("Mangum"), the lienholder and former employer of Plaintiff Cuin, has responded in opposition, contending that the lien in question should be enforced. The Court, pursuant to the procedures outlined in its Order of September 1, 2005, conducted an

evidentiary hearing on Plaintiff's motion on September 26, and now enters its Order determining the lien of C.C. Mangum.[1]

## **Background**

Plaintiff Cuin, in his motion to waive or reduce Mangum's lien, shows the Court that he filed this personal injury lawsuit in June 2004 against the United States of America, Walter Clark, and Walter Clark Janitorial Services, Inc. Plaintiff alleged that he was seriously injured in August 2003 while working as an asphalt worker for his employer, C.C. Mangum. The complaint included allegations that Walter Clark was operating a dump truck when he negligently snagged support cables over Glenwood Avenue in Wake County, causing the cables to fall across the road. The complaint also alleged that C.C. Mangum's employees stopped traffic for a period of time, but then allowed traffic to pass through even though the cable was still dangling at an unsafe height above the road. According to the complaint, a United States postal vehicle sped through the work zone and struck the cable. Plaintiff Cuin, who was at that moment attempting to free the cable, was seriously injured when he was thrown approximately thirty feet as a result of the impact.

In their answers to the complaint, the Defendants alleged that C.C. Mangum was negligent in allowing traffic to proceed through the accident zone, and that Mangum's negligence was a bar to any recovery by Mangum of workers' compensation payments made

---

[1] The parties have consented to the trial jurisdiction of the United States Magistrate Judge, and this matter has been referred to the undersigned for final resolution. *See* 28 U.S.C. § 636(c).

by Mangum. *See generally*, N.C. Gen. Stat. § 97-10.2(e). The case proceeded into discovery, and after extensive discovery, a mediation was conducted on July 5, 2005. Defendant United States agreed to pay Plaintiff $150,000 and Defendants Walter Clark and Walter Clark Janitorial Services, Inc. jointly agreed to pay $150,000, for a total recovery by Plaintiff Cuin in the amount of $300,000. Mangum was notified of the mediation but did not participate, although its attorney was available by telephone.

Mangum claims a lien against Plaintiff's settlement recovery in the approximate amount of $54,000 for medical payments and lost wages paid to Plaintiff in the form of workers' compensation. Plaintiff is apparently still receiving small amounts for medical treatments.

## Discussion

N.C. Gen. Stat. § 97-10.2(j) (2004 Interim Supplement) provides:

> Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of

-3-

the employer's lien. If the matter is pending in the federal district court such determination may be made by a federal district court judge of that division.

The provisions of N.C. Gen. Stat. § 97-10.2(j) control the disposition of Plaintiff's motion to determine the amount of Mangum's subrogation lien since this case has been resolved by settlement rather than by verdict. Had the case gone to trial and been determined by a jury verdict, N.C. Gen. Stat. § 97-10.2(e) would have provided the controlling law. Under subsection 10.2(e), if the jury first found any of the third parties (the Defendants) to have been negligent, the jury would have been asked to determine if Mangum was jointly negligent. If the jury answered "yes," the court would reduce the jury award to Plaintiff by the amount Mangum would otherwise be entitled to receive, but Plaintiff's recovery from the third parties would be free of any claim by Mangum.

Plaintiff Cuin argues that although this case is controlled by N.C. Gen. Stat. § 97-10.2(j) and not subsection 10.2(e), the Court should find that C.C. Mangum was negligent in regard to the accident that resulted in Plaintiff's injury, and that fact should be considered by the Court, along with other factors, in exercising its discretion under subsection 10.2(j) to determine that amount of Mangum's lien. C.C. Mangum has denied Plaintiff's assertion that it was negligent. The Court conducted an evidentiary hearing on September 26 on the issue of Mangum's alleged negligence. At the close of the hearing, the Court found on the record that any jury hearing the evidence would likely conclude that Mangum was in fact negligent and that its negligence conjoined with that of the third parties to result in Plaintiff

Cuin's injury. Thus, in weighing factors under subsection 10.2(j), the Court will consider, as one factor, the likely negligence of C.C. Mangum.

This Court has had recent opportunity to discuss the manner in which discretion should be exercised under subsection 10.2(j). In *Whitley v. Schneider National Carriers, Inc.*, No. 1:04CV01035 (M.D.N.C. August 22, 2005), the Court wrote:

> Although there is no mathematical formula or list of factors a court must consider when making the lien amount determination, *see In re Biddix*, 138 N.C. App. 500, 504, 530 S.E.2d 70, 72 (2000), the statute provides some guidance:
>
>> After notice to the employer and insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien.
>
> N.C. Gen. Stat. § 97-10.2(j)(2004). The discretion granted under section 97-10.2(j) is not unlimited; "the trial court is to make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appellate review." *Allen v. Rupard*, 100 N.C. App. 490, 495, 397 S.E.2d 330, 333 (1990).

*Whitney*, 1:04CV01035 at 5-6.

In the case at bar, several factors counsel in favor of substantially reducing the workers' compensation lien held by C.C. Mangum. Mangum would likely have been found

-5-

at trial of this action to have been jointly negligent in causing the Plaintiff's injury. Thus, Mangum would likely have been barred from any recovery on its lien. A recovery by Plaintiff from the Defendants would, of course, have been reduced by the amount of Mangum's lien, but Plaintiff's net recovery would have been entirely free of Mangum's asserted lien.

By settlement, Plaintiff recovered $300,000 from Defendants, but the Court considers that this recovery does not fully recompense Plaintiff for his injury. Rather, the settlement represents an appropriate compromise in which Plaintiff settled for a smaller recovery than he could have been expected to make under a liability verdict in his favor at trial in exchange for avoiding the significant risk of trial. After reviewing the deposition testimony of Plaintiff, the Court finds that his damages are extensive and substantially exceed the $300,000 he received from Defendants. *See* Pl.'s Hearing Ex. 3, Dep. of Salvador Rojas Cuin at 17-24. This factor weighs in favor of substantially reducing Mangum's lien. Further, had the case gone to trial, Mangum's lien would likely have been eliminated completely by a jury finding of negligence on Mangum's part. And had the case gone to trial, a liability verdict in Plaintiff's favor against the Defendants appears to have been reasonably likely, and Plaintiff's monetary recovery, free of Mangum's lien, would likely have exceeded $300,000.

Mangum brings to the Court's attention that during this litigation, counsel for Plaintiff Cuin (without participation by the Plaintiff) stated that he recognized that Mangum was "going to have a subrogation claim in the approximate amount of $40,000 to $50,000 dollars," and that "[he] believe[d] they are entitled to it." *See* Mangum's Hearing Exs. 1-13,

-6-

9, 4. Mangum contends that, although there was no formal agreement between Mangum and Plaintiff Cuin to the effect that Mangum's lien would be protected upon resolution of this litigation, principles of promissory estoppel should lead the Court to uphold Mangum's lien and "enforce" Plaintiff's recognition or confirmation of Mangum's lien. In its discretionary determination under subsection 10.2(j), however, the Court does not view counsel's statement as a promise that could reasonably be expected to induce action or forbearance by Mangum. *Cf. Home Elec. Co. of Lenoir, Inc. v. Hall & Underdown Heating & Air Conditioning Co.*, 86 N.C. App. 540, 358 S.E.2d 539 (1987)(A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.) Mangum's potential recovery of its lien was the subject of a claim pressed *by the Defendants* in this litigation, not by Plaintiff Cuin. The Defendants pled and were litigating Mangum's negligence. Accordingly, no "promise" by Plaintiff Cuin, not joined in by the Defendants, could reasonably have caused Mangum to act or forbear in some fashion to its ultimate detriment in this litigation and there is no evidence of any such prejudicial action or forbearance.

The Court does recognize that Mangum has paid a substantial sum in workers' compensation costs for Plaintiff's benefit and that perhaps some small costs remain. Plaintiff, for his part, has made a substantial monetary recovery, although not one that fully compensates him for his injury. Any recovery by Plaintiff at trial would have been reduced by the amount of Mangum's asserted lien even though Mangum would likely not have made

-7-

any recovery under its lien due to its negligence. Weighing all of the factors before it, including the imponderables represented by the risks of litigation had this case gone to trial, the Court, in its discretion pursuant to N.C. Gen. Stat. § 97-10.2(j), finds and concludes that Mangum's workers' compensation lien shall be substantially reduced to the sum of $8,000. *Cf. Wood v. Weldon*, 160 N.C. App. 697, 586 S.E.2d 801 (2003)(reduction of subrogation lien from $78,995 to $20,000 not abuse of discretion where settlement amount was inadequate to compensate plaintiff's losses); *Sherman v. Home Depot U.S.A., Inc.*, 160 N.C. App. 404, 588 S.E.2d 478 (2003)(same – reduction of lien from $168,000 to $55,667); *Tise v. Yates Constr. Co.*, No. COA01-500, 2002 WL 276217 (N.C. App. Feb. 5, 2002)(unpublished opinion)(same – elimination of $172,572 lien); *In re Biddix*, 138 N.C. App. 500, 530 S.E.2d 70 (2000)(same – elimination of $18,718 subrogation lien); *U.S. Fidelity & Guar. Co. v. Johnson*, 128 N.C. App. 520, 495 S.E.2d 388 (1998)(same – elimination of $47,046 lien).

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff Cuin's motion (Pleading No. 35) is **GRANTED** and that C.C. Mangum's Workers' Compensation lien is reduced to the sum of $8,000. **IT IS FURTHER ORDERED** that Plaintiff Cuin shall pay

-8-

Case 1:04-cv-00627-PTS   Document 44   Filed 11/07/05   Page 8 of 9

Mangum's lien, as determined herein, out of the settlement proceeds in this action, such payment in full satisfaction of Mangum's subrogation lien.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: November 7, 2005